UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 21-cr-00187 (ECT/LIB) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| John Jerrod Jones, | |
| Defendant. | |

This case is before the Court on a Report and Recommendation issued by Magistrate Judge Leo I. Brisbois. ECF No. 65 ("R&R"). Magistrate Judge Brisbois recommends denying Defendant John Jerrod Jones's motion to suppress statements he made to law enforcement, ECF No. 32, because Jones's *Miranda* waiver was voluntary. *See generally* R&R. Additionally, Jones seeks to reopen the underlying motions hearing in this matter, asserting that he wants to testify in support of his motion to suppress. Jones has filed objections to the Report and Recommendation, and the Government has responded. *See generally* ECF Nos. 70, 71. Because Jones objected, the Court is required to review the Report and Recommendation *de novo* pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that *de novo* review and has concluded that Magistrate Judge Brisbois' analysis and conclusions are correct, and the issues Jones raises in his objections do not change the outcome. The following analysis assumes familiarity with the Report and Recommendation.

**Miranda *Voluntariness*:** Jones's motion to suppress statements arises from an interview he gave to Leech Lake Tribal Police Lead Investigator Joshua Groth at the Cass

County Detention Center on July 12, 2021. As the Report and Recommendation explains, Jones requested to meet with law enforcement to proffer information about drug-related activity in Cass Lake, Minnesota. R&R at 11. The interview was recorded, and the recording has been admitted into the record. *See* Gov't Ex. 1. Jones argues that his statement to Groth regarding the firearm found at the Cedar Lakes Casino Hotel was "coerced" because Groth made an "implied promise" to assist Jones in attending his father's funeral in exchange for his statement. ECF No. 70 at 4. Therefore, Jones contends that his post-*Miranda* statement was not voluntary, and must be suppressed.

"A statement is not voluntary if the totality of the circumstances shows the defendant's will was overborne." *United States v. Jimenez*, 478 F.3d 929, 932–33 (8th Cir. 2007) (citation omitted). In other words, police may not "extract[]" a statement "by threats, violence, or direct or implied promises, such that the defendant's . . . capacity for self-determination [is] critically impaired." *United States v. Sanchez*, 614 F.3d 876, 883 (8th Cir. 2010) (internal quotation marks and citation omitted). Relevant factors bearing on the voluntariness of a statement include "the degree of police coercion, the length of the interrogation, its location, its continuity, and the defendant's maturity, education, physical condition, and mental condition." *Id.* (citation omitted).

Magistrate Judge Brisbois thoroughly addressed Jones's argument on the voluntariness of his statements, noting that "the totality of the circumstances shown in the present record does not indicate that [Jones]'s will was in any way overborn." R&R at 19. Indeed, as established in the Report and Recommendation, the record does not support Jones's assertion that Groth made any promise to Jones about attending his father's funeral;

2

rather, it shows that Groth offered to speak with jail personnel to determine the jail's policy for attending such events. R&R at 17. Additionally, Magistrate Judge Brisbois concluded that during the 30-minute interview, Jones "did not appear unduly affected by his father's death; he spoke willingly, understood what was being asked of him, and responded appropriately to the question presented." *Id* at 18. Indeed, the evidence did not "indicate that the environment was inherently coercive[,] SA Groth was not armed . . ., and [Jones] did not appear to be under the influence of any medications, drugs, or alcohol." *Id.* Jones does not offer any contrary facts or authority, and the Court agrees with the conclusions in the Report and Recommendation. Jones's objection is overruled.

**Motion to Reopen Evidentiary Hearing:** Jones asks the Court to reopen the evidentiary hearing to allow him to testify in support of his motion to suppress statements, which Magistrate Judge Brisbois denied. The Court exercises discretion when considering a request to reopen a suppression hearing. *See United States v. Chavez Loya*, 528 F.3d 546, 555 (8th Cir. 2008).

Magistrate Judge Brisbois held the motions hearing on April 13, 2022. ECF No. 46. Post-hearing briefing was completed on June 13, 2022. *See* ECF No. 62. More than two and a half months after the hearing, on July 1, 2022, Jones moved to reopen the hearing to allow him to testify, explaining that "the reason for the timing of this motion is protected by Attorney-Client privilege; however, counsel intends to provide another filing [on July 5] which sheds further light on the issue." ECF No. 63 at 1. The Report and Recommendation issued the next day, on July 2, 2022, and denied Jones's motion to reopen the hearing. R&R at 1 n.1.

3

Jones maintains that the reason he would like to testify is protected by attorney-client privilege, yet he presents no authority supporting that asserting such a privilege is sufficient reason to reopen an evidentiary hearing. Jones contends that he would testify regarding "the circumstances of his arrest and confinement at the Cass County jail, his then[-]present state of mind, and his concerns about being unable to attend his father's funeral," and how "his will was overborne by his desire to attend his father's funeral and the officer's willingness to assist in that matter." ECF No. 70 at 5. However, as explained above, the record demonstrates that Jones's will was not overborne, and Groth did not make any promise to Jones regarding his father's funeral. In any event, Jones had ample time to decide whether to testify in advance of the hearing. *See* ECF No. 71 at 9. Waiting until long after the hearing to make such a request, without referencing newly discovered evidence, does not move the Court to expend additional time and resources. *See* 28 U.S.C. § 636(b)(1)(C) (explaining that a district judge may exercise discretion to receive additional evidence). As such, the Court is not persuaded to reopen the proceedings.

Further, Jones asserts "that he was not adequately advised of his right to testify at the motions hearing," ECF No. 70 at 5, yet he fails to describe how the advisement was allegedly lacking or identify any error in the Report and Recommendation related to this argument. The Report and Recommendation's analysis and conclusions on this issue are sound and will be accepted. R&R at 1 n.1. The Court has reviewed the remainder of the Report and Recommendation's findings and conclusions and determines there is no reason to question their correctness.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 70] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 65] is **ACCEPTED** in full; and

3. Defendant's Motion to Suppress Statements, Admissions, and Answers [ECF No. 32] is **DENIED**.

Dated:  September 23, 2022                    s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court